Good morning, Your Honors. And may it please the Court, my name is Stephen Sandler. I'm here representing the plaintiff and appellant. Let me preface by saying I've been newly admitted to this court. And it is an honor to stand before this panel. Thank you for giving me that opportunity. The issue before this court is very narrow, fortunately. I'd like to reserve just a few minutes for my rebuttal. I don't want to insult the Court's intelligence, but I'd be remiss in my duties without emphasizing and reiterating the Ninth Circuit's long-established policy towards allowing liberal amendments, particularly on an initial complaint. Counsel, why don't we cut to the chase. I'm not clear. First of all, you suggested that the district court didn't find that it would be futile. And in fact, the district court specifically did say that. So what is there in light of the allegations that you're making as the TILA violations? What is there that you didn't know, your client didn't have reason to know within the statute of limitations? Well, let's cut right to the chase then, Your Honor. The court and the defense counsel correctly pointed it out. And we concede that the TILA violations themselves cannot form the basis of equitable tolling. Right. So what else do you have to support equitable tolling? And that's what we never had an opportunity to submit by the denial of the leave to amend. There was an ongoing dialogue between my client and the lenders, both by email and telephone and also through counsel, that led him astray. This is a case of a moving target. And he was trying very hard to resolve this case. And they kept feeding him, for lack of something other than a colloquialism, a line of baloney. Was he, you're saying that during the course of his dealings, before counsel got involved? Yes. Yes, and this was after the TILA violations. In fact, they kept making offers to resolve it. And he made multiple tender offers. And then they sent him the paperwork. And the paperwork would not be what they had told him on the phone. And this was ongoing, long into the period of one year prior to filing. In fact, the last email, and that is in the record, that is between Mr. Sage's prior counsel. And that's dated in June of 2010, where there is no, if I can turn to that. And can you be specific? If you're given leave to amend, what are the specific facts you add to the TILA violations? Thank you for asking that, Your Honor. Well, what I would add is not only additional facts that support an active concealment after the TILA violations were committed, but also facts that support an equitable estoppel argument. Such as? Such as the moving target. And this is tracked very well with correspondence, which is not in the record, because we were never given an opportunity to offer those in an amendment. And I wouldn't dare try to submit them to this court, not having been in the initial trial court record. But there's a whole series of communications going on for more than a year, which go into the statute of limitations period to the point where this case would have been filed timely. So there is both equitable tolling, and there's equitable estoppel. Yes, Your Honor. Come back. You start out by saying concealment, and then you said the estoppel. What's the concealment? The concealment is that there was communications by these lenders that there was a certain type of loan, particularly a fully amortized mortgage versus an interest only loan. And then there were a series of false carrots on a stick. My background is in state court, trial court litigation. I apologize for the colloquialisms. I know we're in a more formal situation. It's a habit that's hard for me to break. But with that carrot on a stick, they kept telling him one thing and doing another. And this continued onward until long into the one year period where we filed. Well, that sounds like estoppel. Yeah, we're getting into a- The reason I'm pressing you is that in your opposition papers, you adverted to the instant complaint was filed on June 28, 2010. The facts in the instant case that should allow for equitable tolling to apply is the fraudulent commissions charged on this loan, both paid through escrow and commissions paid outside escrow. Well, you're not charging them with any such fraud. And I don't know how that at all connects to the TILA violations. I don't know why the commission had anything to do with the TILA violations that you are alleging in your complaint. Well, as Your Honor correctly points out, it steers more in the direction of equitable estoppel versus equitable tolling. I don't even know how that applies on equitable estoppel. Oh, sure it does. Well, not specifically the kickbacks that were off the record outside of escrow, but particularly what I was talking about a moment ago, where the- I'm asking what you represented to the district court. Well, the district- bear in mind, Your Honor, that the opposition to the 12- or the motion on the 12B6 barely mentions anything about the equitable estoppel issue. Well, wait a minute, counsel. State or federal court, you need to answer the question. The question is proceeding from your statement that you never got an opportunity to tell the court what kind of evidence you could put forward. Now, it's true- I'm sorry, Your Honor. Now, it's true that you're not making arguments here. You correctly reserve the notion that you're relying on information that's not in the record, but you've clearly been able to identify the nature of the argument and these emails and so on and so forth. You had the opportunity and took the opportunity in this opposition that said the instant complaint filed, blah, blah, blah. In the instant case, that should allow for equitable tolling- the facts should allow for equitable tolling, and you only come up with this fraudulent commissions. Why couldn't you have come up with, instead of picking something that's extraneous to the Tyler violation, why didn't you have the opportunity in that same pleading put before the court to say exactly what you're telling us? Well, Your Honor, the reason is the issue wasn't raised in- You dealt with it. You actually addressed it. I think I'm not being clear. The issue of the statute of limitations in the 12B6 itself was very narrow. There was only about half a page dedicated to it, and I dedicated the same amount of- Counsel, I don't care how long you took, and I don't care how summary you were. What I've read is only two or three lines out of your responsive statement, whatever triggered it. Why did you use the commissions, the kickbacks, as a ground for equitable tolling and not tell the court in one line? There's a basis for equitable tolling or equitable estoppel because of the carrot on the stick, because it didn't have to be elaborate. So I don't understand your response to say, well, it was only a little bit here, so you only gave a little bit there. I'm looking to the substance because of what you did give as a reason or proffer as a potential reason, which led the court to look at what you'd said and then say, I deny without leave because it would be futile. Maybe that was wrong, but I'm still trying to understand why you didn't come up, then, on the one chance you took to identify what you're now telling us. I think I understand the court's question is, why didn't I pack everything in there? No, not everything. Just one just adverted to it. I didn't raise the issue of equitable estoppel and submit this carrot on a stick scenario as a potential to make. I don't care whether you called it estoppel or tolling. Why didn't you mention carrot on a stick? Well, Your Honor, I really have to say that I should have. OK, well, that's all right. I devoted the, let me strike that and start over, the estoppel or the tolling issue in the initial 12B6 motion was really an afterthought. And then in the opposition, I addressed it briefly. But given the court's long-established policy in allowing amendments and having an oral argument set for, this case was set for December 13th, I believe. And then the rug was pulled out from under me. The court made a conclusory statement that an amendment would be futile. I'm not saying the court didn't use the word futile. They just never made any rationale behind that. There's nothing, and this is one of the most important points that I need to stress, Your Honor, that there is nothing in the verified pleading that would contradict anything that we could add to an amended pleading that would cure the defect. In other words, if I said A, B, and C in the initial pleading, I understand this is verified. So we're married to these facts. And then I sought leave to amend the complaint to say, no, A, B, and C is not true. D, E, and F is true. That would be grounds to deny leave to amend. In this particular case, the well-established rule is that leave should always be given at least once, unless it is established that an amendment is futile. And even if I didn't put everything in the papers, everything in the kitchen sink that could have been thrown in there, and even if I addressed it in a cursory fashion, the fact that the pleadings were reviewed by the court, not giving me an opportunity to respond to the court's thoughts by giving me an oral argument. I take your point on that. Let me just ask one question, because you are over time, and you've been responding to our questions. But is what you've told us today, will we find that in your briefs to us about the carrot and stick? Have you proffered that in any of your briefs to us? I talk about in the brief how we could allege facts more. I didn't get into specifics about what happened. Again, Your Honor, obeying the rules that these facts are not in the record. This is not a trial court pleading where I'm not. The answer is no, you didn't. The answer is no. OK. All right. I'll give you a minute for rebuttal. Let's see what the other side has to say. Thank you, Your Honor. It's still good morning. May it please the Court, this is Elaine Chan on behalf of the appellees and defendants below. The Court is So would you please speak directly into the microphone here? Oh, I can't help it if you put it up there. Thank you, Your Honor. I think the Court is exactly right. We need to look at the record and what's before the Court, not only in the district court, but here. And it is clear that the district court considered, and it stated that it considered, the plaintiff's arguments on what the equitable tolling would be. It cited the opposition, wherein the plaintiff lay out what he would be alleging by way of amendment for equitable tolling. And they do not constitute grounds for equitable tolling. He says the Court stated, and this Court seems to agree, and the appellant agrees, the grounds for equitable tolling cannot be the grounds for the actual violations or alleged violations. Well, the district court judge seemed to rely upon the statute of limitations defense as sort of settling the whole case. My question to you is, why shouldn't he have been allowed to amend at least once? Well, I think the policy is, of course, that leave to amend is freely given. However, if it is futile, and the district court states the reason, and the reason was that it would be futile to grant leave, then. Where did the Court do that, state the reasons? It stated it in its – it'd be in the record at pages 6 in footnote 3. Where does he give the reason for his conclusion? It says that although the Court recognizes the Court has a liberal policy, if the Court determines that permitting plaintiff to amend would be an exercise of futility, and it also states that later on, that the Court concludes that permitting plaintiff to amend his Federal claims for relief would be futile. And his reasoning is that? And the reasoning is, the Court stated that, again, at page 6 of the record. Page 7, actually. It carries over, doesn't it? No, I'm talking about where he quotes the Garcia and the Jacob case, that the mere existence of the TILA violations and lack of disclosing does not itself equitably toll the statute of limitations. So the Court very clearly looked at what the plaintiff presented. I asked you to read what he said for a reason because he explains in footnote 3 the issue of futility. Yes. All right. So on page 6, he says it would be an exercise in futility, but he goes on, on page 7. He cites Ruttman and cites where the pleadings before the Court demonstrate that further amendment would be futile, given that plaintiff fails to allege in his complaint or opposition the facts that would justify tolling the statute of limitations for his damages claim. The Court concludes that permitting plaintiff to amend for relief would be futile. That's correct. Okay. Now, in the complaint, he didn't do it. That would have been an anticipatory kind of pleading to lay out facts. Would you agree? I agree with that. Okay. So then it falls on the opposition. And counsel's argument is that the focus in the motions was not sufficient to cause him to be elaborate in his or expansive in his opposition papers. It's to give a basis for equitable tolling other than what he did put in. So why, given our liberal policy, shouldn't he be given a chance to amend so he could specifically address, particularly where there was no hearing at which these issues could have been explored by the district court? Your Honor, I discussed those issues about whether he was given leave to have oral argument. None was requested and none is required under the rules of the Court. And he didn't have that opportunity. And he did not have the opportunity to explain what his amendment would be. At page 12 of his opposition, he specifically says that the – I'm sorry, in his opening, he talks about how these things were concealed from – I'm sorry, I'm referring to the wrong page. At page 28 of the record. That's what I was reading. Yes. And Your Honor has read that before. But he talks about things that do not constitute grounds for equitable tolling. And that's what he submitted. And that's what the Court was considering and considered and ruled upon. Now, what the appellant is asking this Court for is, despite the fact that he had full opportunity to brief this to the district court, despite the fact that after the Court's ruling, which he got, he did not try to go back and ask for reconsideration or supplement his brief or anything. He did not give a hint of what he wanted to do. And in this Court, even though we briefed this issue to you, there has been no reply brief setting forth what facts he would allege. And so now he's asking the Court to please let him just come here in oral argument and make a presentation. That's not my understanding of how the system works. The burden has always been on him to present a full record for this Court to consider. And Your Honor was correct in saying, was this presented to us in any way in the record? And no, it hasn't been. Well, counsel, going back to his opposition on page 28. Yes. He does say, This Court should not reward the deficient behavior of lenders by allowing them to invoke statutes of limitation when plaintiff was never provided disclosures specifically required under the TILA. These actions frustrate the purpose, et cetera. But he did refer specifically to disclosures. Your Honor. I read this as indirectly say, therefore, I'm entitled to equitable tolling. And that you're exactly right, Your Honor. That's what his allegation was. And that's what his argument was to the district court. The district court considered that and said that very argument, those very allegations that you want to make are themselves the TILA violations that you're talking about. And if we can consider that as grounds for tolling the statute of limitations, the statute of limitations would be meaningless. Because in every case, a TILA violation would consist of nondisclosure. It is the very act itself complained of. I understand your argument. Thank you, Your Honor. Thank you. Thank you. Good morning again, Your Honors. And thank you for the opportunity to rebut, because this is critical. I'll remind the Court that the rule is that unless the pleading show that an amendment would be futile, that leave should be granted to amend. And not beefing up the opposition enough to show enough facts for the Court to go on, particularly when the Court denies an oral argument and denies counsel the opportunity to respond to the Court's problems or perceived deficiencies, does not constitute futility. Just because we did not put enough facts, so the trial court opines, to constitute grounds for an amendment, it does not in and of itself constitute futility. Well, this goes to my original question to you. Yes, Your Honor. What was there beyond TILA? What facts were you proposing? As yet, I think we transitioned, Your Honors, from the territory of equitable tolling into the countryside of equitable estoppel. And as this case evolves and as I have more and more... And the failure to disclose is equitable estoppel? Is that what you're saying? No. The failure to disclose is conceded that the failure to disclose is not grounds to violations. The law is very clear on that. I wish it wasn't. All right. What is? The issue before the trial court was equitable tolling. In other words, if there was some act of concealment of the violations themselves. Defendants argued that he had the documents in front of them. We argued that the deficiencies in the documents themselves weren't discovered until legal counsel later pointed it out to him. Although Mr. Sage is an attorney, he's not a real estate attorney. He's a criminal and music lawyer, which sometimes go hand in hand. A little humor there. While we disagree with the trial court that that was not enough, and we maintain we don't concede that point, as we go into the area of this long string of communications, which was not in the brief because it was not in the record, there is enough there, more than enough there, to at least to give one shot to amend this complaint to allege equitable estoppel. I do understand the clear difference between equitable tolling and equitable estoppel. Equitable estoppel, though it is harder to show because it is a much broader area of law, it is a lot more fertile ground. There is a lot of communication, much of it tracked by email, much of it at a later point tracked by Mr. Sage's prior counsel. Well, assuming you have had that opportunity, what's the case you would cite to the district court that says equitable estoppel is sufficient to overcome the statute of limitations? Well, the seminal case on that is Spray-Golden-Bowers. I don't have the cite on that handy, but that's the case where it was actually a law firm that's ---- You gave me the cite, Spray-Golden-Bowers. Okay. Fine. And then there's a whole progeny afterwards. Okay. Thank you. Thank you, Your Honors. Counsel. Take care. We will stand in adjournment for the day. Thank you. Thank you. Court is adjourned. Thank you.
judges: Nelson, Fisher, Christen